UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HECTOR FUENTES<br><br>Plaintiff,<br><br>v.<br><br>THE DAN WRIGHT CORP. and KENNETH B. PARR<br><br>Defendant. | Case No.: |

**- COMPLAINT AND DEMAND FOR JURY TRIAL -**

Plaintiff HECTOR FUENTES by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, THE DAN WRIGHT CORP. and KENNETH B. PARR.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiff HECTOR FUENTES, (hereafter "Plaintiff") against his former employers, Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and to recover unpaid wages.

2. Toward the end of Plaintiff's employment, Defendants had a practice of not paying payroll checks, which included both regular and overtime hours, in violation of the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiff's FLSA claims, to constitute the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Pasco County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

5. Plaintiff, HECTOR FUENTES, a resident of Pasco County, was a former employee of Defendant who worked at THE DAN WRIGHT CORP, located at 5319 Locust Pl, New Port Richey, Fl 34652.

6. Plaintiff HECTOR FUENTES is an employee as defined by the laws under which this action is brought.

7. Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR are employers as defined by the laws under which this action is brought.

8. Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR operate a heating and air conditioning company serving residential and commercial customers.

9. Defendant THE DAN WRIGHT CORP. is a corporation organized and existing under and by virtue of the laws of Florida.

10. Defendant KENNETH B. PARR is an individual resident of the State of Florida, who owned and/or operated THE DAN WRIGHT CORP. and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) hired employees, including Plaintiff; d) had the authority to set employee wages; and/or e) set Plaintiff's wages and terms of payment.

**COVERAGE**

11. Defendant THE DAN WRIGHT CORP. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12. Defendant THE DAN WRIGHT CORP. is engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, wire transfers and/or checks from banks located outside the state of Florida, and by purchasing (and or/renting) materials and/or equipment, air conditioners, heaters, heat pumps, mini splits, freon, and a plethora of other items, manufactured

across state lines, for the purpose of providing air conditioning and heating services.

13. Defendant THE DAN WRIGHT CORP. also hosts one or more websites viewed by potential customers across state lines, and sends faxes, emails, and other communications across state lines.

14. Upon information and belief, THE DAN WRIGHT CORP's annual gross volume of sales exceeded $500,000/year at all relevant times.

15. Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR are employers within the definition of the FLSA, 29 U.S.C. § 203.

16. During the term of his employment, Plaintiff HECTOR FUENTES was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

17. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

18. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

19. Plaintiff HECTOR FUENTES was employed by Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR from April 2014 to September 2019.

20. Plaintiff held a helper position at the time of separation.

21. Plaintiff's duties included assisting in the installation of air conditioners.

22. Plaintiff was an hourly employee.

23. Plaintiff's last hourly rate was $11.00 per hour.

24. During his employment with Defendants, Plaintiff was classified as non-exempt.

25. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

26. Plaintiff was not paid for seven (7) workweeks. Five of the workweeks totaled an estimated 151 regular hours, and 10 overtime hours of uncompensated time. The exact unpaid hours of the remaining two weeks are unknown because time records are in Defendants' possession. However, it is estimated that Plaintiff worked between 30 and 42 hours in each of those workweeks.

27. Plaintiff asked Defendants for payment of the wages in arrears to no avail.

28. Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR were aware that Plaintiff was working without proper compensation but did not cure the ongoing FLSA violations.

29. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

30. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29

C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

31. Plaintiff HECTOR FUENTES re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

32. Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR failed to pay Plaintiff at least 10 hours of overtime in compliance with the FLSA.

33. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

34. As a result of Defendants' willful violation of the FLSA, Plaintiff HECTOR FUENTES is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## COUNT II
## FLSA MINIMUM WAGE VIOLATIONS

35. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

36. Plaintiff HECTOR FUENTES performed work for Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR for which he was not compensated.

37. Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR did not pay Plaintiff the minimum wage required by the FLSA by failing to pay an estimated 161 hours of work, plus two additional workweeks.

38. The actions of Defendants set forth above of failing to pay Plaintiff the statutory minimum wage constitute a violation of 29 U.S.C. §206.

39. Defendants' actions were willful and/or showed reckless disregard for the provisions of the F.L.S.A.

## COUNT III
## UNPAID WAGES UNDER FLORIDA COMMON LAW

40. Plaintiff HECTOR FUENTES re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

41. Plaintiff HECTOR FUENTES performed work for Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR and Defendants agreed to compensate Plaintiff for all hours worked.

42. Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR failed to compensate Plaintiff an estimated 161 hours of work (which included overtime), plus two additional workweeks..

43. As a result of the foregoing, Plaintiff HECTOR FUENTES has suffered damages and has incurred in attorneys' fees and costs.

44. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in the prosecution of his unpaid wages claim

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HECTOR FUENTES respectfully requests judgment against Defendants THE DAN WRIGHT CORP. and KENNETH B. PARR, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's minimum wage rate;

f. Liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

g. Plaintiff's unpaid wages pursuant to Florida Common Law;

h. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

i. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

45. Plaintiff requests a jury trial to the extent authorized by law.

Dated: September 17, 2019          Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
🖱 WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com